

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SCOTT E. MOORMAN, PRO SE, § | | |
| TDCJ-CID #443109, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:07-CV-0140 | |
| § | | |
| JOHN C. JOWERS, NFN NUNN, § | | |
| GREGORY A. HARRISON, § | | |
| THERESA HENDRICK, CARLOS VERA, § | | |
| MARY MILLER, DORA SHIPP, § | | |
| KATHY SKINNER, JOE A. GRIMES, § | | |
| GAUDALUPE JURADO, JIMMY BAGBY, § | | |
| DALE R. DEDRICK, LESLIE K. WELLS, § | | |
| WILLIAM GING, DAVID PRICE, § | | |
| DALE G. FAIRFIELD, BRIAN J. CLARK, § | | |
| ALAN WILSON, and § | | |
| ELIZABETH BURNS, § | | |
| § | | |
| Defendants. § | | |

## REPORT AND RECOMMENDATION

Plaintiff SCOTT E. MOORMAN, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff claims the defendants have failed to protect him and displayed disregard for his safety, resulting in serious bodily injury. Plaintiff requests declaratory, injunctive, and monetary relief.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## FACTUAL ALLEGATIONS

Specifically, plaintiff alleges he was transferred from his previous unit because of imminent danger from various gangs. He states that, during his August 8, 2006 intake classification hearing at the Clements Unit, plaintiff asked defendant Warden NUNN whether the problems he had experienced on the earlier unit would follow him to the Clements Unit, and NUNN responded with remarks indicating he thought plaintiff had been transferred for seeking to establish an improper relationship with a staff member. Plaintiff stated he had been transferred for protection. Plaintiff alleges on October 2, 2006, he wrote to defendant SHIPP

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

stating he felt he was in danger because of comments made by offenders and the fact that the maintenance supervisor from plaintiff's previous unit had conducted an "ACA audit" at Clements and spread rumors about plaintiff while there. Plaintiff does not elaborate as to the specific comments made by the other inmates or the rumors spread by the maintenance supervisor.

Plaintiff alleges he received an October 11, 2006 disciplinary case for being out of place and was found guilty at a disciplinary hearing, despite the fact he had not been out of place and that an officer Reynolds said he had informally resolved the case. Plaintiff claims the case and the disciplinary hearing were retaliatory, but plaintiff does not allege any basis for the claim of retaliation. Further, plaintiff's step 1 grievance on this matter merely claims retaliation and his step 2 grievance claims retaliation for his "use of the court system and [his] First [sic] Amendment right to due process."

Plaintiff alleges he filed a lawsuit against defendants at his previous unit on October 19, 2006 and soon thereafter experienced a slowdown in his mail and non-delivery of some magazines. Plaintiff's February 14, 2007 letter of complaint to defendant WELLS produced the response that his mail was being handled according to policy.

Plaintiff says on January 18, 2007, he was housed with a member of the Mandingo Warriors gang and believes this was done in a retaliatory attempt by the "administration" to harm him because the Mandingo Warriors was the gang that had previously ordered a "hit" on plaintiff; nevertheless, plaintiff does not allege this inmate ever assaulted him.

On March 31, 2007, plaintiff says he was assaulted by inmate Glover, whom he says is a member of the Crips, and that Glover was executing a "hit" that had been ordered by "Big Earl"

on another unit. Plaintiff had to have reconstructive surgery to repair a fractured cheek and orbit. He also sustained a cracked rib.

Plaintiff alleges this attack would not have occurred had defendant DEDRICK not left his duty post to escort inmates to the pill window. Plaintiff speculates defendant DEDRICK was instructed not to be around when the assault occurred.

Plaintiff says after the assault, he informed defendant DEDRICK he had been attacked and needed medical care. He states DEDRICK took him into D-space and questioned him in full view of the entire living area. Plaintiff complains that he was told to wait in the multipurpose room in 3 building and that he told an inmate there what had happened to him, whereupon that inmate spread the word that plaintiff was informing on the inmates in his living area.

Plaintiff alleges he was questioned by defendants MILLER, FAIRFIELD, and HARRISON about the attack, that photographs of his injuries were made, and that it was determined he needed to be taken to the hospital. Plaintiff says he asked for protection from these defendants and stated he wanted to file criminal charges against his attacker. He says he asked MILLER if he would get a disciplinary case and she said he would not get a disciplinary case for being beaten. Plaintiff was taken to the hospital where he received treatment and was returned to the Clements Unit. Plaintiff alleges on April 2, 2007, he was informed he had received a disciplinary case for fighting without a weapon. Plaintiff says defendants JOWERS, JURADO, and BAGBY had conducted the investigation and, although no officers saw the incident, JOWERS wrote plaintiff a case for fighting. Plaintiff asked to call defendants MILLER and HARRISON as witnesses, but his counsel substitute, defendant GING, told him he couldn't because they did not see or hear the incident. Plaintiff said he also asked defendant GING about

footage from the video cameras in the living area, but GING "acted like he didn't know what [plaintiff] was talking about."

On April 3, 2007 plaintiff was denied safe keeping or a transfer by defendants GRIMES and SKINNER. Plaintiff says defendant GRIMES explained there was not enough evidence to support plaintiff's claim of a gang "hit" and said, if it was a "hit," it was over. Plaintiff says GRIMES then said, "You have been here a while, and I've been here almost as long. You remember how we use [sic] to do it." Plaintiff says he feels GRIMES meant that plaintiff was lucky he hadn't ended up in a shallow grave in a pasture or that he should take matters into his own hands and use violence to address his problems. Plaintiff says he was reassigned to 3 Building, where the attack had occurred.

Plaintiff also says he complained to defendant MILLER about the disciplinary case he felt she had told him he would not receive and wrote to defendant SHIPP as well, all to no avail.

At the disciplinary hearing on his case for fighting without a weapon, plaintiff says, he was found guilty by defendant HENDRICK, the hearing officer, despite a failure to introduce evidence at the hearing. Plaintiff complains defendant JOWERS wrote him the disciplinary case for fighting and also conducted the offender protection investigation that produced flawed information relied on by defendants GRIMES and SKINNER to deny plaintiff protective custody. Plaintiff says JOWERS also tried to resolve plaintiff's step 1 grievance on his complaint that he had been denied protective custody. Plaintiff says JOWERS' actions constituted "reprisal and retaliation."

On May 29, 2007, plaintiff alleges he was threatened in front of an Officer Manard by an inmate named "five Duce," a member of the Crip gang. Plaintiff says Manard found the remark

funny. Plaintiff states he was ordered to move back into the same living area where he had been assaulted and there was a Crip gang member in the living area at the time who called out, "5.0 in the house," meaning a snitch was moving into the living area.

Plaintiff says he was threatened by two inmates on May 30th, one saying he should be killed and the other, that he should be raped. Plaintiff says the next day, the inmate whom he feels ordered the "hit" on him told him he should never have come back. Plaintiff filed another life endangerment complaint and was moved to the administration building during the investigation. Four days later, defendants CLARK and SHIPP conducted an Offender Protection Hearing at which plaintiff was again denied protective status or a transfer, despite his submission of two inmate statements supporting his version of the assault and another inmate statement supporting his account of one of the threats[3]. At the hearing, defendant CLARK told plaintiff, "If you are being extorted, then you need to do the right thing and drop them." Plaintiff says this meant he should handle the situation with violence.

Plaintiff says he was then ordered to move back into the same living area where he had been assaulted and subsequently threatened.

On July 6, 2007, inmate Tommy Lee Dorel, a Crip gang member, was moved into plaintiff's living area and threatened plaintiff with assault and bodily injury for telling on Glover after he assaulted plaintiff.

About a month after filing the instant suit, plaintiff was transferred to the Telford Unit in New Boston, Texas.

---

[3] One of the inmate statements opined that any inmate statements about the attack, indicating that it was mutual combat resulting from a racial slur by plaintiff and that the attacker was not a gang member, were the result of intimidation by the gang.

## THE LAW AND ANALYSIS

Liability for an Eighth Amendment deprivation requires the same delinquency in denial of protection against harm from other inmates as it does for denial of medical care, *Johnston v. Lucas*, 786 F.2d at 1259; thus, there must be an allegation of facts which will support deliberate indifference on the part of officials, *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).  The plaintiff prisoner must prove:  (1) he is incarcerated under conditions "posing a substantial risk of serious harm," and (2) that the defendant prison official's state of mind is one of "deliberate indifference" to the prisoner's health or safety.  *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir. 1995); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).  "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause of commendation, cannot under our cases be condemned as infliction of punishment."  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811, 823 (1994).

Plaintiff sues defendant NUNN because, at the August 8, 2006 intake classification hearing, he made comments indicating he thought plaintiff had been transferred because of involvement in an improper relationship at his previous unit.  Defendant NUNN's remarks, while they may have been mistaken, do not support a claim of deliberate indifference to any facts showing plaintiff would be in substantial risk of serious harm.  Even if plaintiff's transfer was because of danger at his previous unit, plaintiff points to no facts of which NUNN could have been aware which indicated he was also in danger at the Clements Unit.  Plaintiff has failed to state a claim of any sort against defendant NUNN except possibly, negligence; however, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care.  *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990).  Plaintiff's claims

against NUNN lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff sues defendant WELLS for conspiring to intentionally delay his mail and lying about his mail being processed according to prison policy. Plaintiff contends defendant WELLS has thus violated his right to due process. Plaintiff alleges no material fact to support his claim of conspiracy by defendants WELLS and has, therefore, failed to state a conspiracy claim under section 1983. *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990). Further, plaintiff's claim that defendant WELLS violated his due process rights appears to be based entirely upon his contention that she did not actually process his mail in accordance with prison policies or regulations. The mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), cert. denied, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). This claim against defendant WELLS lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff sues defendants BAGBY, JURADO, and SHIPP for failing to respond or failing to respond satisfactorily to an October 2, 2006 letter he wrote regarding his feeling that he was not safe at the Clements Unit because of unspecified remarks he had heard from other inmates and because the maintenance supervisor from the Allred Unit had spread rumors about plaintiff while at Clements. Plaintiff's letter complaining of general and/or unspecified rumors and

remarks is not sufficient to give the defendants knowledge of facts indicating plaintiff was confined in conditions "posing a substantial risk of serious harm" or to support an allegation that the defendants were deliberately indifferent to such a risk. This claim of deliberate indifference lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff sues defendant PRICE for forwarding plaintiff's October 11, 2006 disciplinary case for being out of place to disciplinary hearing, despite defendant REYNOLDS' efforts at informal resolution. Plaintiff argues defendant PRICE thereby violated his due process rights. Plaintiff's contention that his due process rights were violated appears to rest on the alleged absence of any prison regulation providing for a disciplinary hearing where an officer has attempted an informal resolution. Due process in this regard, if any, is the result of prison regulation, not the Federal Constitution. The mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), cert. denied, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). This claim against defendant PRICE lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Plaintiff also says PRICE was deliberately indifferent to the "serious risk of serious harm and extortion" that plaintiff was being subjected to, thereby violating plaintiff's Eighth Amendment rights. Plaintiff provides absolutely no factual allegation to support this claim, which is too vague and conclusory to state a claim of deliberate indifference against defendant PRICE.

Plaintiff sues defendants MILLER and SKINNER, in part, because of a January 16, 2007 classification review, also attended by an Officer Adkins, which review resulted in a decision that plaintiff remain G4, medium custody. Plaintiff argues the decision was wrongful because the defendants did not accept his assertions that he had first been assigned to that custody level based on a false or erroneous disciplinary case at his earlier unit. Plaintiff says he also told the defendants his feeling that the disciplinary case for being out of place was retaliatory and that he had mailed letters to classification and "safe prison" stating he was in risk of serious physical harm. Of course, the defendants are not required to relitigate the outcome of a previous disciplinary case nor are they required to credit plaintiff's contention that he is in risk of serious injury merely because he has mailed letters saying so. These allegations fall short of stating a claim of deliberate indifference to facts showing substantial risk of serious harm to plaintiff. *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir. 1995); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999); *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811, 823 (1994)(an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause of commendation, cannot under our cases be condemned as infliction of punishment). Additionally, plaintiff's complaint that his out of place case was retaliatory was given consideration and defendant MILLER responded she would "talk to the warden about having that case removed from plaintiff's prison record." Whether MILLER was unsuccessful, or even if she later decided against talking to the warden, plaintiff's constitutional rights were not violated. Plaintiff's punishment amounted merely to a loss of privileges, and he has no federally protected due process rights with respect to the determination of guilt. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)(citing *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132

L.Ed.2d 418 (1995)). Moreover, since a prison inmate has no protectable liberty interest or property interest in his custodial classification, *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992), it is clear plaintiff has no liberty interest in the outcome of the classification hearing, *Sandin v. Conner,* 515 U.S. 472, 484 (1995). Plaintiff's claims against MILLER, SKINNER, and ADKINS stemming from the January 16, 2007 classification hearing lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff sues defendant CARLOS VERA, the picket officer on March 31, 2007, the day of plaintiff's assault, because VERA "failed to conduct his job duties as a picket officer in accordance with TDCJ-ID policy" in that he opened the doors, allowing defendant DEDRICK to leave his duty post to escort inmates to the pill window. Absent any allegation of material fact showing defendant VERA was part of a conspiracy to leave plaintiff unprotected so a planned attack could be made on him, plaintiff's allegations state at most, a claim of negligence, if that. Plaintiff's conclusory and vague allegations contain no allegation of material fact and, therefore, fail to state a conspiracy claim under section 1983. *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990)(conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983 ). As to any claim of negligence, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990). Plaintiff's claims against VERA lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff sues defendant DEDRICK saying he conspired to allow plaintiff to be assaulted by leaving his post on March 31, 2007 to escort inmates to the pill line. Plaintiff has alleged no material fact to support his conspiracy claim and, therefore, his allegations are not sufficient to state a claim of conspiracy under section 1983. *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990). Plaintiff alleges DEDRICK also recklessly questioned plaintiff in D space in full view of more than 96 inmates in the dayroom, leading them to conclude plaintiff was an informant for requesting medical care. Plaintiff's allegations in this regard, however, state, at most, a claim of negligence, since he fails to allege any way DEDRICK could have known before questioning plaintiff that plaintiff had been assaulted. Further, plaintiff has alleged that he, himself, revealed everything to another inmate only moments later and that the inmate then told everyone in plaintiff's pod that plaintiff was informing about the assault on him. It does not appear that plaintiff can now claim DEDRICK placed plaintiff in any danger additional to that in which plaintiff had already placed himself. Plaintiff's claim of negligence against defendant DEDRICK under section 1983 lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

After plaintiff's attack and before he was taken to the hospital for treatment, plaintiff was interviewed by defendants MILLER, FAIRFIELD, and HARRISON. Plaintiff complains defendant MILLER asked plaintiff to cooperate with the investigation and told him he would not receive a disciplinary case for being beaten. Plaintiff complains the result was he cooperated, received a disciplinary case for fighting without a weapon, and was housed in the same pod on his return to the unit. Plaintiff does not allege any of these defendants made his housing

assignment on his return from the hospital; instead, he has alleged defendant SKINNER did so. As to plaintiff's disciplinary case, plaintiff has no constitutionally protected right to a determination before the investigation is completed. Plaintiff's claims regarding this interview lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

To the extent plaintiff relies upon subsequent events to allege a failure to protect claim in violation of the Eighth Amendment, the Court notes plaintiff alleges no further attack and, instead, was eventually transferred to another unit, apparently without incident. Moreover, plaintiff's claims of further due process violations all center on violations of prison policies or regulations and will not support a claim of constitutional dimension. Plaintiff's challenge to the determination of guilt reached by defendant HENDRICK regarding his case for fighting without a weapon fails because plaintiff has no federally protected right to due process with regard to a disciplinary proceeding which does not affect the length of his incarceration. *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). No loss of goodtime resulted from the fighting case and the effect that a reduction in his class had upon plaintiff's ability to earn goodtime credits, with a consequent reduction in sentence, is too speculative and too attenuated to invoke the procedural guarantees of the Due Process Clause. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)(citing *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)).

Finally, plaintiff asserts a general claim of retaliation by all involved, relying on the chronology of events to show retaliation in this case may be plausibly inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Plaintiff appears to claim retaliation stemmed from his general use of the court system and filing of unspecified grievances. Absent an allegation of

material fact to support the necessary claim of conspiracy by all involved, plaintiff's retaliation claim is far too attenuated to be plausible and, therefore, plaintiff has failed to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the recommendation of the Magistrate Jude to the United States District Judge that the Civil Rights Claim filed pursuant to Title 42, United States Code, Section 1983, by plaintiff SCOTT E. MOORMAN be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 10th day of January, 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly

above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).