

FILED
MARCH 10, 2008
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| SCOTT E. MOORMAN, PRO SE, | § | |
| TDCJ-CID #443109, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:07-CV-0140 |
| | § | |
| JOHN C. JOWERS, NFN NUNN, | § | |
| GREGORY A. HARRISON, | § | |
| THERESA HENDRICK, CARLOS VERA, | § | |
| MARY MILLER, DORA SHIPP, | § | |
| KATHY SKINNER, JOE A. GRIMES, | § | |
| GAUDALUPE JURADO, JIMMY BAGBY, | § | |
| DALE R. DEDRICK, LESLIE K. WELLS, | § | |
| WILLIAM GING, DAVID PRICE, | § | |
| DALE G. FAIRFIELD, BRIAN J. CLARK, | § | |
| ALAN WILSON, and | § | |
| ELIZABETH BURNS, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff SCOTT E. MOORMAN, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and was granted permission to proceed *in forma pauperis*.

On January 10, 2008, a Report and Recommendation was issued by the United States Magistrate Judge analyzing plaintiff's claims and recommending dismissal with prejudice as frivolous and without prejudice for failure to state a claim on which relief can be granted.

Plaintiff filed his objections on January 22, 2008. By these objections, plaintiff attempts to sharpen the focus of his claims and argues that, although "the Magistrate Judge would have

liked a more detailed explanation of events," plaintiff's pleading was sufficient under the standard of Rule 8, Federal Rules of Civil Procedure. Plaintiff contends the Magistrate Judge did not seek more facts by way of a Questionnaire. Plaintiff also argues the Report and Recommendation contains no analysis of plaintiff's claims against defendants JOWERS, GRIMES, GING, CLARK, WILSON, or BURNS and, therefore, plaintiff's claims against these defendants must be allowed to proceed.

Plaintiff's contention that the Court did not issue a Questionnaire is correct. As noted in *Green v. McKaskle*, "[a] district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone . . . ." *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). Plaintiff's objections clearly demonstrate the Report and Recommendation provided him with notice of those areas needing more factual allegations, if he could provide them, and he has not attempted to do so by an amended complaint or any other pleading. Instead, he argues his existing complaint was sufficient under Rule 8, Federal Rules of Civil Procedure, and elects to stand on it.

Rule 8, Federal Rules of Civil Procedure, as recently explained by the Supreme Court, requires that the allegations in the complaint contain enough factual matter, taken as true even if doubtful in fact, to establish "plausible," as opposed to merely "possible" or "speculative," entitlement to relief. A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___ n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007).

2

Even if plaintiff was transferred to Clements because of danger at his previous unit and even if defendant NUNN knew that to be a fact, plaintiff's allegation of the August 8, 2006 conversation with defendant NUNN at his intake classification hearing is insufficient to establish NUNN had knowledge of facts indicating plaintiff was in "substantial risk of serious harm[1]" at the Clements Unit. Plaintiff's allegation of an October 2, 2006 letter to defendants BAGBY, JURADO, and SHIPP stating he felt he was not safe because of unspecified remarks from other inmates and because of unspecified rumors by a maintenance supervisor is likewise insufficient to show these defendants had knowledge of facts indicating plaintiff was in "substantial risk of serious harm" at the Clements Unit. Further, plaintiff's letters at an unspecified date to classification and "safe prison" stating merely that he was in risk of serious physical harm are not sufficient to show defendants MILLER and SKINNER knew of facts indicating plaintiff was in "substantial risk of serious harm" by virtue of his housing assignment at the Clements Unit. Dismissal of these claims for failure to state a claim on which relief can be granted is, therefore, appropriate.

Plaintiff's various claims that his due process rights were violated by the failures of defendants to comply with prison regulations lack an arguable basis in law and are frivolous because, in the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), plaintiff has no "created liberty interest" in the regulations of the Texas Department of Criminal Justice-Correctional Institutions Division.

As to plaintiff's claims against defendants JOWERS, GRIMES, GING, CLARK, WILSON, and BURNS, those claims were analyzed in the Report and Recommendation, though

---

[1] Horton v. Cockrell, 70 F.3d 397, 401 (5th Cir. 1995).

without clear identification of all the defendants involved. The alleged attack on plaintiff occurred on March 31, 2007. All of the alleged acts or omissions of these defendants occurred after that attack, and plaintiff has made clear he suffered no further harm and was eventually transferred to another unit. Plaintiff challenges defendant JOWERS' determination, after an investigation, that plaintiff had engaged in mutual combat and should receive a disciplinary case. Plaintiff complains JOWERS based his determination on inmate statements, most of which were given by gang members. Plaintiff also complains JOWERS violated prison policy by attempting, at a later date, to resolve a grievance plaintiff had filed against him. These allegations do not state a claim of violation of any federally protected right. They are based on a claim of rights which do not exist and, therefore, lack and arguable basis in law and are frivolous. Plaintiff's complaint against defendant GRIMES is that he denied plaintiff a unit transfer or protection after the alleged attack; however, plaintiff's pleadings make clear that officials viewed the incident as one of mutual combat, that plaintiff was not subsequently attacked again, and that plaintiff was eventually transferred to another unit. Plaintiff has not stated a claim of deliberate indifference against defendant GRIMES. Plaintiff's claims against defendants CLARK and GING are also predicated on the failure to protect plaintiff after the attack and, in the absence of any further attack on plaintiff, also fail to state a claim on which relief can be granted. As to plaintiff's complaint that various defendants did not allow him to file charges against the attacking inmate, the Court notes plaintiff has not alleged any of the defendants actually interfered with any efforts he made to file charges against his attacker. Any failure of prison officials to facilitate the filing of charges against plaintiff's attacker did not violate plaintiff's constitutional rights and plaintiff's claims in this connection lack an arguable basis in law and are frivolous. Plaintiff's

claims against WILSON and BURNS for failing to respond satisfactorily to letters of complaint from plaintiff and his family do not in any way implicate plaintiff's federally protected rights, and lack an arguable basis in law and are frivolous.

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the Objections filed by the plaintiff.

The Court is of the opinion that the objections of the plaintiff should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court, as supplemented herein.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge, as supplemented herein.

IT IS THEREFORE ORDERED that this Civil Rights Complaint is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk shall send a copy of this Order to plaintiff and to any attorney of record.

IT IS SO ORDERED.

ENTERED this 10th day of March, 2008.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE